||
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |
| 27 |
| 28 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| MICHAEL A. BURNHART, | |
|---|---|
| Plaintiff, | Case No. C06-5643FDB |
| v. | REPORT AND RECOMMENDATION |
| DET. JIM MARAI *et al.*, | |
| Defendants. | **NOTED FOR:**<br>**DECEMBER 29, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The court has screened this complaint and recommends the complaint be dismissed prior to service for failure to state a claim.

Plaintiff names a Pierce County Detective, the Pierce County Sheriff's Office and Pierce County as defendants. (Dkt. # 1 proposed complaint). Plaintiff alleges as follows:

> "On January 23-2004 Detective Marai was given evidence alleged to be part of a crime involving petitioner, in his statement dated January 24 2004 Marai Stated 'He received the so-called letters written by Mr. Burnhart to alleged victim AG' photo-copied then. But never placed them into evidence.[sic]
>
> On April 19th 2005 two weeks approximately before sentencing it was discovered that two weeks prior to arrest Detective Marai had been suspended for filing false police reports (i.e. depositions using dead peoples names and certifying authority).
>
> His actions were brought before Judge Culpepper and the motion for new trial was denied. So was the hearing on Brady violation and the states failure to disclose exculpatory evidence. Sentencing was May 6th, 2005."

(Dkt. # 1 proposed complaint).

REPORT AND RECOMMENDATION
Page - 1

## DISCUSSION

When a complaint fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**"   Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).  The complaint fails to state a cause of action under 42 U.S.C. § 1983.

REPORT AND RECOMMENDATION
Page - 2

1   Here, plaintiff alleges evidentiary irregularities in his criminal case.  Were plaintiff to prevail, the decision would call into question the propriety of his current conviction.  Plaintiff must proceed in habeas corpus.

Plaintiff also seeks to hold Pierce County Sheriff's Office and Pierce County liable for the alleged actions of Detective Marai (Dkt. # 1 proposed complaint).  To establish local government liability under § 1983, a plaintiff  must show that (1) he was deprived of a constitutional right;  (2) the local entity has a policy or custom;  (3) the policy or custom amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy or custom is the moving force behind the constitutional violation.   <u>Oviatt v. Pearce</u>, 954 F.2d 1470, 1474  (9th Cir.1992).  The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to local government liability; there is no respondeat superior liability under § 1983.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 692 (1978).  A local government entity may only be liable where its policies are the " 'moving force [behind] the constitutional violation.' "  <u>City of  Canton v. Harris</u>, 489 U.S. 378, 389, (1989)(quoting <u>Monell</u> at 694).

## CONCLUSION

Plaintiff's action fails to state a claim as a matter of law.  The action should be **DISMISSED WITHOUT PREJUDICE.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 29, 2006**, as noted in the caption.

DATED this 5th day of December, 2006.

          */S/ J. Kelley Arnold*
          J. Kelley Arnold
          United States Magistrate Judge